UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BOBBY L. WILLIAMS,

        Petitioner,

v.                                                              Case No. 13-C-725

JEFFREY PUGH,

        Respondent.

**SCREENING ORDER**

On June 26, 2013, Bobby L. Williams filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In November 2003, a La Crosse County jury found Williams guilty of repeated sexual assault of a child in violation of Wis. Stat. § 948.025(1), and he was sentenced to 20 years imprisonment and 15 years of extended supervision. *State v. Williams*, La Crosse County Circuit Court, No. 2003CF 137, available at http://wcca.wicourts.gov. He is currently incarcerated at Stanley Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Williams has listed four separate grounds for relief, each of which is stated as a form of ineffective assistance of post conviction counsel. He alleges that his post conviction counsel was ineffective for failing to raise several issues concerning the performance of his trial counsel. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). To evaluate ineffective assistance of counsel claims, the Supreme Court enunciated a two-part test: (1) whether counsel's performance fell below an objective standard of reasonableness; and (2) whether the defendant was prejudiced by counsel's deficient performance. *Id.* at 688-92. For the second prong, prejudice may be established where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hough v. Anderson*, 272 F.3d 878, 891 (7th Cir. 2001). In the context of a claim of ineffective assistance of post-conviction counsel, "[h]ad appellate counsel failed to raise a significant and obvious issue, the failure could be viewed as deficient performance. If an issue which was not raised may have resulted in a reversal of the conviction, or an order for a new trial, the failure was prejudicial ." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Id.*; *see also Smith v. Robbins*, 528 U.S. 259, 288 (2000).

The first and third claims Williams asserts are essentially the same and will therefore be addressed together. In both, Williams alleges that his post conviction attorney was ineffective in not raising the issue of his trial attorney's failure to object to the fact that the victim did not testify at his preliminary hearing. Instead, the prosecution was allowed to introduce a videotaped interview of the child describing the alleged assaults. Williams claims as a result that he was denied his right

2

to confront and cross-examine the victim in violation of the Sixth Amendment and that the state failed to establish probable cause.

This claim clearly fails. The Sixth Amendment right to confront and cross examine witnesses is a trial right; it does not apply to preliminary hearings. *United States v. Andrus*, 775 F.2d 825, 836 (7th Cir. 1985) (citing *Barber v. Page*, 390 U.S. 719, 725 (1968), and *Gerstein v. Pugh*, 420 U.S. 103, 121–22 (1975)). Although Wisconsin's preliminary hearing statute at the time gave defendants a right to cross examine witnesses, the statute also allows the use of audiovisual recordings of child interviews at preliminary hearings without calling the child as a witness. Wis. Stat. § 970.03(14). Thus, neither Williams' constitutional nor statutory rights were violated by the admission at his preliminary hearing of the videotaped statement of the child victim. In addition, it appears from the trial court's decision denying Williams' motion for post conviction relief, a copy of which is attached to the petition, that his trial attorney did object to the use of the videotaped statement. (Tr. Ct. Mem. Dec. and Order 15, ECF No. 1-1.) Post conviction counsel cannot be found ineffective for not taking action that the record shows he actually took. It thus follows that post conviction counsel did not fail to provide effective assistance as to this issue. Williams' first and third claims will therefore be dismissed.

Williams second claim is that post conviction counsel was ineffective in not raising trial counsel's failure to challenge the absence of notice as to the date of the alleged offenses in the charging documents. Williams alleges that post conviction counsel "failed and refused to file objections based on the fact that the criminal complaint does not state the exact time and date in which the appellant allegedly committed this offense ...." (Pet., Ex. A. 1, ECF No. 1-1.) The trial court noted that Williams' "trial counsel did in fact file a Motion to be More Specific, Definite and

3

Certain ..." (*Id.* at 14), but the fact that trial counsel filed a motion for a more definite statement is not conclusive as to whether he preserved the issue. The failure to provide sufficient specificity as to the date of the alleged offense can violate due process. *Fawcett v. Bablitch*, 962 F.2d 617, 618-19 (7th Cir. 1992). *Fawcett* held that "a charge is sufficiently specific when it contains the elements of the crime, permits the accused to plead and prepare a defense, and allows the disposition to be used as a bar in a subsequent prosecution." *Id.* at 618 (citing *United States v. Mills*, 32 U.S. (7 Pet.) 138, 142 (1833), and *Hamling v. United States*, 418 U.S. 87, 117 (1974)). The court is unable to conclusively determine from the petition and attachments that Williams is not entitled to relief on this claim. He will therefore be allowed to proceed on the claim.

Lastly, Williams asserts that his trial counsel was ineffective for failing to challenge the jury verdict on the ground that a juror named Thomas Curran thought that he was not guilty and that, as a result, the state failed to sustain its burden of proof at trial. It is difficult to see how post conviction counsel could be found ineffective as to this issue. Williams was convicted in November 2003. It wasn't until March 2006, more than two years later, that Curran contacted trial counsel and conveyed to counsel his concerns over the jury's deliberations. Trial counsel, who was no longer representing Williams, passed the information on to the state public defender. On June 11, 2006, an investigator for the state public defender interviewed Thomas Curran, who sat on the jury during Williams' trial. (ECF No. 1-1 at 27-28.) Curran had reported that the deliberations went too quickly for him and that he felt pressured by the jury foreman to vote guilty. Curran apparently had been frustrated that fellow jurors did not spend enough time on the issues he thought were important. He thought that Williams was not fairly tried by his peers because there were no African Americans on the jury, but he did not single out any racial or bigoted comments from any of his fellow jurors. He

4

also said that he did not feel threatened by anyone in the jury room to change his vote. However, Curran indicated that he had "been bothered by this decision." (ECF No. 1-1 at 28.)

Under Wisconsin law, jury verdicts may not be overturned unless there is evidence showing a substantial ground sufficient to overturn the verdict. *State v. Poh*, 116 Wis. 2d 510, 516, 343 N.W.2d 108 (1984); Wis. Stat. § 906.06. Generally, a juror cannot impeach his own verdict on the ground that while he agreed to it, he did not believe it was right. *See Imperio v. State*, 153 Wis. 455, 460, 141 N.W. 241 (1913) ("An affidavit to the effect that the verdict as reported is not as agreed upon, and an affidavit directly impeaching the verdict, as that the juror united in delivering a particular verdict, but did so contrary to his best judgment, are quite different. The latter is not permissible."). Instead, the rule allowing inquiry into the validity of a verdict focuses on whether extraneous information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. *See* Wis. Stat. § 906.06(2). Commenting on the parallel federal rule, Federal Rule of Evidence 606(b), the Third Circuit Court of Appeals explained that "evidence of discussions among jurors, intimidation or harassment of one juror by another, and other intra-jury influences on the verdict is within the rule, rather than the exception, and is not competent to impeach a verdict." *United States v. Lakhani*, 480 F.3d 171, 184 (3d Cir. 2007) (quoting *Gov't of the V.I. v. Gereau*, 523 F.2d 140, 150 (3d Cir. 1975)); *see also Shillcutt v. Gagnon*, 827 F.2d 1155, 1158 (7th Cir. 1987); *Luckett v. Bodner*, 2009 WI 68, ¶ 39, 796 N.W.2d 504 (When "a state rule mirrors the federal rule, we consider federal cases interpreting the rule to be persuasive authority." (quoting *State v. Evans*, 2000 WI App 178, ¶ 8 n.2, 617 N.W.2d 220)).

Based on the letter describing Curran's reports of the jury deliberations, there are no grounds to state a claim of ineffective assistance of trial counsel or post conviction counsel. First of all, trial

5

counsel did not even become aware of Curran's concerns until more than two years after his representation had ceased. In addition, the evidence presented concerns internal jury deliberations and is in effect an attempt by Curran to impeach his own verdict. Curran's report that he felt pressured by the jury foreman and that he felt his views were disregarded by his fellow jurors is not competent evidence to impeach a verdict. Curran's own belief about potential bias, absent any showing of racial comments from any of his fellow jurors, is also not competent evidence. Because there is no likelihood that the result of his conviction would have been any different even if trial counsel brought a motion to challenge the verdict based on Curran's report, Williams fails to state a claim on this ground for relief.

In sum, only one of Williams claims survives the court's initial screening. Williams may proceed on his claim that post conviction counsel was ineffective in failing to raise trial counsel's failure to object to the lack of specificity as to the dates of his repeated sexual assaults. All other claims are dismissed.

**THEREFORE, IT IS ORDERED** that within 45 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and

6

Case 1:13-cv-00725-WCG   Filed 07/11/13   Page 6 of 8   Document 4

(3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF whether the Department will not accept service of process on behalf of the respondent, the reason for not accepting service for the respondent, and the last known address of the respondent. The Department

of Justice will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated this     11th     day of July, 2013.

                                         s/ William C. Griesbach
                                         William C. Griesbach, Chief Judge
                                         United States District Court